UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eugene Frazier, | ) | C/A No. 9:25-cv-13545-TMC-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sgt. Tonya Broxton, Captain Chatima, Sgt. Patricia Hatton, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This action was filed by pro se Plaintiff Eugene Frazier. He alleges violations of his constitutional rights by the named Defendants. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form and Notice to Amend Order dated February 18, 2026, Plaintiff was directed to bring his case into proper form (by submitting a summons form that listed every Defendant named in this matter and a completed and signed Form USM-285 for each named Defendant). He was warned that failure to provide the necessary documents within the time set forth in the Proper Form Order would subject the case to dismissal. Plaintiff was also advised of pleading deficiencies and given an opportunity to file an amended complaint. *See* ECF No. 5. On March 17, 2026, Plaintiff filed an Amended Complaint. ECF No. 10. However, Plaintiff did not provide the required documents to bring his case into proper form.

A Second Proper Form Order was entered April 17, 2026. Plaintiff was again directed to bring his case into proper form by providing a summons form that listed every Defendant named in this case and a completed and signed Form USM-285 for each named Defendant. He was warned

that failure to provide the necessary documents within the time set forth in the Second Proper Form Order would subject the case to dismissal. ECF No. 12.

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required documents to bring his case into proper form. Based on the foregoing, it is recommended that this action be **dismissed**, **without prejudice**, in accordance with Rule 41(b), Fed. R. Civ. P. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**The Clerk shall mail this Report and Recommendation to Plaintiff at his address of record[1] and to Plaintiff at the Kirkland Correctional Institution of the South Carolina Department of Corrections (SCDC).[2] If Plaintiff satisfies the requirements for proceeding with this case as is set forth in the Proper Form Order within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report**

---

[1] Plaintiff's current address of record is Eugene Frazier 95820831, Bamburg County Jail, P.O. Box 928, Bamberg, SC 29003. He was notified in the Complaint form (ECF No. 1 at 11) and the Proper Form Order (ECF No. 5 at 6) that he was to provide the Clerk's Office in writing with any changes to his address and he was warned that failure to keep a current address on file with the Clerk's Office might result in the dismissal of his case. He has not provided any change of address notification.

[2] It appears that Plaintiff is now an inmate at the Broad River Correctional Institution of the SCDC. The SCDC address is Eugene Frazier 00137334, Kirkland Reception and Evaluation Center, 4344 Broad River Road, Columbia, SC 29210. *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Eugene Frazier"] (last visited May 28, 2026). This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

**and Recommendation and return this file to the undersigned for further handling.** However, if Plaintiff fails to do so, then at the end of the time for filing objections, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d at 95 (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning).[3]

**The parties are also referred to the Notice Page attached hereto.**

Molly H. Cherry
United States Magistrate Judge

May 29, 2026
Charleston, South Carolina

---

[3]After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).