**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Eugene Frazier, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 9:25-cv-13545-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Sgt. Tonya Broxton, Captain Chatima, | ) | |
| Sgt. Patrica Hatton, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Plaintiff Eugene Frazier, proceeding *pro se* and *in forma pauperis*, (ECF No. 6), brings this action challenging the conditions of his confinement, (ECF Nos. 1, 10). The magistrate judge[1] issued two orders informing Plaintiff of the necessary steps to bring his case into proper form. (ECF Nos. 5, 12). In both orders, the magistrate judge informed Plaintiff that failure to bring his case into proper form may result in the dismissal of his case. *Id*. Despite the warning, Plaintiff failed to bring his case into proper form. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court dismiss this action without prejudice in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 14). The magistrate judge informed Plaintiff of his right to file objections to the Report, *id*. at 4, and the Clerk's Office mailed the Report to Plaintiff's last known address,[2] (ECF No. 15). The Report has not been

---

[1] This matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C.

[2] At the magistrate judge's instruction, (ECF No. 14 at 2), the Clerk's Office mailed the Report to Plaintiff's address of record *as well as* to Kirkland Correctional Institution based on information provided from an inmate search conducted on the South Carolina Department of Corrections' website, (ECF No. 15).

returned to the court as undeliverable. Accordingly, Plaintiff is presumed to have received it. Nevertheless, Plaintiff has failed to file objections, and his time to do so has now passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015)

2

(citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Accordingly, finding no clear error, the court **ADOPTS** the recommendation in the Report, (ECF No. 14), and this action is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
June 17, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.